ARMAND GIROUX *vs.* UNITED TRANSIT COMPANY.

LINDA GIROUX, *p.a. vs.* SAME.

MARCH 16, 1956 (as of JANUARY 17, 1956).

PRESENT: Flynn, C. J., Condon and O'Connell, JJ.

O'CONNELL, J. These actions of trespass on the case for negligence were tried together in the superior court before a justice thereof sitting with a jury and resulted in a verdict for each plaintiff. Thereafter the trial justice granted the defendant's motion for a new trial in each case and the cases are before us solely on the exception of each plaintiff to that decision.

The plaintiffs seek to recover damages resulting from injuries sustained by Linda Giroux on September 10, 1952 when she was alighting from the rear door of a bus, owned and operated by defendant, on Exchange Place in the city of Providence. At that time Linda was about five years old. The father's action to recover for expenses incurred because of his daughter's injuries is dependent upon liability being found against defendant in the action by the minor.

The cases were on trial for several days and the transcript of evidence is somewhat voluminous. However, it is not necessary or desirable to discuss it at length. It is sufficient to refer to it generally.

The mother of Linda, Alice Margaret Giroux, testified that as she and Linda attempted to alight from the bus she got off first holding Linda's right hand with her right hand; that Linda had one foot out of the bus and the other ready to step out when the door clamped on her foot; that Linda's hand was still clasped by her when the bus started; that the child's left foot was off the bus first, but the bus door closed on the right foot before she could reach the street; that as the bus moved forward she, the mother, screamed and the bus stopped; and that the door opened and Linda fell to the ground. She further testified that when she

looked the child was practically under the bus; that she saw the bus move forward and backward three times; and that when everything was all over Linda was lying right beside the rear wheels.

On cross-examination she testified that as the bus started she screamed and the bus stopped; that the driver opened the door, Linda's right leg was freed, and she fell to the ground; and that *when she first struck the ground the bus was stopped.* It was the mother's impression that Linda received her injuries while she was in *back of the rear wheel* when the bus driver backed up.

Sally Ann Jackson, a witness called by the plaintiffs, testified that she was a passenger on the bus and was seated near the rear door on the first side seat near the stair well; that Linda and her mother were the last to get off at that particular stop; that Linda was behind her mother; that when they passed her the mother did not have the child by the hand; that they went down the steps and the bus operator closed the door; that she looked away because everything seemed all right; that she then heard people on the sidewalk hollering "back up"; and that when the bus driver opened the door she got out and observed the child *in front* of the back wheel. She further testified that the child was not in the bus when the door closed; that she could see it was all clear inside the door; that, as far as she could see, Linda had gotten through the door and the bus had started up when the persons on the sidewalk "hollered"; and that when the driver opened the door she got out and saw the child in the position stated above.

Laurie E. Wescott, the operator of the bus, testified that he stopped his vehicle about three or four inches from the curb. His version is in part as follows: "Well, I stopped the bus. The first thing, I pulled the emergency brake up. I opened the rear door and I opened the front door. While the passengers were getting off, I stood up and turned the destination sign. After turning the sign I sat down in the

seat and looked at the mirror located on the right-hand corner of the bus in front, and just focused on the rear door. I looked through that, and I could see nobody getting off the bus. In fact, I could not see anybody anywhere around the rear door. I closed the rear door. Then I closed the front door. I released the emergency brake and started the bus. After I had gone about two feet I heard a scream. I stopped immediately. I heard another scream. * * * Somebody shouted on the sidewalk to back up. I didn't back up. I opened the door and got out and looked the situation over. When I did, I saw the little girl lying on the street in front of the right rear wheel. Her feet were up against the curbing and her head out in the street. She was struggling to get up. She was hollering, 'Mommie, Mommie.' She couldn't get up because the bus wheel was so close to her that it was on her coat or dress, I don't know which. She couldn't get up. Then I went back into the bus, and I knew this little girl's life was in my hands there because I was so close to her. I took and put the gear in reverse. Then I put my foot on the accelerator and I grabbed my emergency brake and very carefully I backed up, and very slowly, under the supervision of some men standing on the sidewalk. I backed about six inches. I stopped. Then after that I backed a little further. I backed about six inches more, with the same care and caution. Then I stopped. Then I got out of the bus and I went back. There were some men taking the little girl from under the bus and putting her on the sidewalk."

From the above statement of facts it clearly appears that the testimony was conflicting. Having in mind the allegations in the single count of the declaration, there is a conflict not only between the witnesses for plaintiffs and defendant but also between the several witnesses offered by plaintiffs. In his rescript granting defendant's motion for a new trial the trial justice stated that in the exercise of his independent judgment, after weighing the testimony and

considering the credibility of the witnesses, it was his opinion that the verdicts were not supported by a fair preponderance of the evidence, but were the result of prejudice, passion and sympathy on the part of the jury. In these circumstances and after a careful reading of the transcript we cannot say that his decision was clearly wrong.

The plaintiff's exception in each case to the granting of defendant's motion for a new trial is overruled, and each case is remitted to the superior court for a new trial on all issues.

*John Quattrocchi, Jr.,* for plaintiffs.

*Frank J. McGee,* for defendant.